IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | |
|---|---|
| Donna Hawkins Brown, ) | C.A. No. 3:11-121-CMC-JRM |
| ) | |
| Plaintiff, ) | |
| ) | OPINION AND ORDER |
| ) | |
| ) | |
| EBY Brown, LLC, and South Carolina Department ) | |
| of Employment and Workforce, ) | |
| ) | |
| Defendants. ) | |
| _____ ) | |

This matter is before the court for review of the Report and Recommendation ("Report") entered on April 5, 2011. For the reasons set forth below, the Report is adopted and this action is dismissed without prejudice pursuant to Rule 41 of the Federal Rules of Civil Procedure.

**STANDARD**

The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight. The responsibility to make a final determination remains with this court. *See Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). The court is charged with making a *de novo* determination of those portions of the Report and Recommendation to which specific objection is made, and the court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge or recommit the matter with instructions. *See* 28 U.S.C. § 636(b)(1). The court reviews only for clear error in the absence of an objection. *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (stating that "in the absence of a timely filed objection, a district court need not conduct a *de novo* review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'") (quoting Fed. R. Civ. P. 72 advisory committee's note).

**DISCUSSION**

Through this action, Plaintiff, who is proceeding *pro se* and *in forma pauperis*, seeks recovery for alleged employment discrimination. Plaintiff has failed to properly advance this action by failing to comply with an order directing her to provide specified information and paperwork to bring the case into proper form for evaluation and possible service of process. Accordingly, the Magistrate Judge recommended that the action be dismissed under Fed. R. Civ. P. 41(b). Plaintiff was advised of her right to object to this recommendation.

No objection has been filed despite passage of the time allowed for such objection. This court has, therefore, reviewed the Report for clear error. Having done so, the court concludes that the matter should be dismissed without prejudice for failure to prosecute. Fed. R. Civ. P. 41(b).

**CONCLUSION**

For the reasons set forth above, the Report and Recommendation is adopted and this action is dismissed without prejudice.

IT IS SO ORDERED.

                                          s/ Cameron McGowan Currie
                                          CAMERON MCGOWAN CURRIE
                                          UNITED STATES DISTRICT JUDGE

Columbia, South Carolina
April 26, 2011